[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Defendant-appellant, Howard Boddie, Jr., appeals from the judgment of the Franklin County Court of Common Pleas convicting him of burglary.
 {¶ 2} On October 18, 2001, a Franklin County Grand Jury indicted appellant on one count of burglary in violation of R.C. 2911.12. Subsequently, on April 29, 2002, appellant's jury trial commenced. The state presented two witnesses, Mrs. Lori Six and Officer Ronald Kenefick of the Bexley Police Department, whose testimony established the following undisputed facts.
 {¶ 3} On October 11, 2001, at approximately 5:00 a.m. in the morning, appellant forced his way into the home of Mr. and Mrs. Six, breaking in through the back door. Mr. Six was sleeping in the upstairs bedroom; however, Mrs. Six had fallen asleep on the downstairs couch while watching television. The ruckus caused by appellant's entry woke Mrs. Six, who saw appellant standing before the broken door. Immediately upon seeing Mrs. Six, appellant asked her to call the police, claiming that someone was trying to kill him.
 {¶ 4} Mrs. Six called 911 and informed the dispatcher that a man had broken into her house. She noticed that appellant seemed scared and hid behind the dining room table as if he was looking around for someone. At some point, appellant began to climb the stairs, but Mrs. Six eventually dissuaded him from continuing by clutching his jacket sleeve. She acknowledged that appellant never tried to harm her or her still sleeping husband. Further, he did not attempt to take any property from the home, nor did he try to leave the house after Mrs. Six called 911. In fact, when the police arrived, appellant was still standing in the stairway.
 {¶ 5} Officer Kenefick testified that appellant cooperated with police officers when they arrived at the scene. He did not try to escape, nor resist arrest in any fashion; instead, appellant reiterated his fear that someone was trying to hurt him. However, appellant's description of the alleged assailants changed as he spoke to different officers.
 {¶ 6} At the close of the state's case, appellant moved for acquittal pursuant to Crim. R. 29(A), arguing that the state had failed to produce evidence to demonstrate that appellant intended to commit any criminal offense within the Six household, as required for a conviction under R.C. 2911.12(A)(2). However, the trial court overruled the motion.
 {¶ 7} Appellant's mother, Ms. Jacqueline Marshal, testified as the sole witness for the defense. Ms. Marshal related that appellant had recently benefited from some sort of monetary settlement; and, in the two days immediately prior to appellant's arrest, she had returned to him $350 of that money, which she had been holding at his request. Furthermore, approximately three days after the arrest, Ms. Marshal went to check on appellant's apartment. When she arrived, she found that the door to the apartment was wide open.
 {¶ 8} On the morning of May 1, 2002, following the close of evidence, the court charged the jury. Later that afternoon, the jury returned its verdict, finding appellant guilty of burglary pursuant to R.C. 2911.12(A)(2) as charged in the indictment.
 {¶ 9} However, on May 13, 2002, appellant moved for a judgment of acquittal, this time pursuant to Crim. R. 29(C). Therein, appellant again asserted that the state failed to produce sufficient evidence of the criminal intent necessary to sustain a conviction for burglary under R.C. 2911.12(A)(2). On the other hand, appellant conceded that he gained entry into the Six home by force, and, at least for the purposes of the motion, that he trespassed into an occupied structure when others were present. And, in closing, appellant acknowledged that an acquittal under R.C. 2911.12(A)(2) would not result in an acquittal on the lesser-included offense of burglary under R.C. 2911.12(A)(4).
 {¶ 10} Upon consideration of the motion, the trial court found appellant's arguments persuasive. On June 12, 2002, the trial court granted appellant's motion for acquittal as to the second-degree felony conviction under R.C. 2911.12(A)(2), citing insufficient evidence of any intent to commit a criminal offense within the dwelling. Nonetheless, the court convicted appellant of the lesser-included offense of burglary pursuant to R.C. 2911.12(A)(4), which is a felony of the fourth degree.
 {¶ 11} On June 26, 2002, the trial court journalized its judgment entry modifying the jury verdict to reflect the above findings and sentenced appellant accordingly. Subsequently, on July 22, 2002, the trial court issued a corrected judgment entry to record the correct conviction, pursuant to R.C. 2911.12(A)(4), as it related to appellant's sentence. By timely appeal, appellant raises the following single assignment of error:
 {¶ 12} "The conviction of appellant was against the manifest weight of the evidence."
 {¶ 13} At the start of this appeal, appellant's argument included a challenge to the sufficiency of the evidence presented on the element of intent necessary to sustain a conviction pursuant to R.C. 2911.12(A)(2). In response, the state significantly pointed out that the trial court's action in granting appellant's Crim. R. 29(C) motion for acquittal rendered that argument moot, as his conviction for burglary no longer depended upon a finding of criminal intent. Subsequently, after acknowledging that the issue of intent was "clearly moot," appellant submitted a supplemental brief, wherein he raised the current assignment of error for review.
 {¶ 14} Therefore, rather than addressing appellant's conviction according to a sufficiency of the evidence argument, we must review the broader question of whether that conviction was against the manifest weight of the evidence. As such, sitting as a "thirteenth juror," this court "* * * reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 15} We first note that, regardless of form, the substance of appellant's argument has not altered its course. Rather, it remains focused on the original jury verdict and whether the state sufficiently proved the element of intent required for a conviction pursuant to R.C. 2911.12(A)(2). In this respect, we decline to address appellant's contentions further, as they are moot. App. R. 12.
 {¶ 16} Moreover, to the extent that appellant challenges the weight of the evidence supporting his conviction for burglary, we find his argument to be unpersuasive. According to R.C. 2911.12(A)(4), one is guilty of burglary if he: (1) by force, stealth, or deception, (2) trespasses (3) into the permanent or temporary habitation of any person, and (4) when any person, other than the trespasser or his accomplice, is present or is likely to be present. And, contrary to appellant's vague assertions, a review of the record demonstrates that his current conviction for burglary under R.C. 2911.12(A)(4) is supported by credible and uncontroverted evidence.
 {¶ 17} The undisputed evidence presented at trial clearly established that appellant forced his way into the Six home, while both occupants were present, by breaking in through the back door. The defense's contention that appellant was scared and broke into the home in search of safety was also presented for the jury's consideration. However, it cannot be said that appellant's explanation for the night's events was so much more reasonable or credible than the evidence introduced by the prosecution that appellant's conviction represents a miscarriage of justice. Indeed, appellant's own motion for acquittal acknowledged the existence of sufficient and credible evidence for a proper conviction under R.C. 2911.12(A)(4). Accordingly, we hold that appellant's conviction is not contrary to the manifest weight of the evidence.
 {¶ 18} Based on the foregoing, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and TYACK, JJ., concur.